# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

HARRY ANTHONY SCHEINA, III,    )
        )
    Plaintiff,     )
        )    Case No. 18-3210-CV-S-BP-P
    vs.       )
        )
JAMES SIGMAN,      )
        )
    Defendant.    )

## <u>PRETRIAL SCHEDULING ORDER</u>

It is **ORDERED** that the following deadlines and instructions apply in this case:

1. By September 10, 2018, the parties shall make the following disclosures:

A. The parties shall provide to each other the names and addresses of all persons having knowledge or information of the facts that give rise to the claim(s) made by plaintiff(s), except that, regarding people who no longer are employed by the relevant governmental or other entity, defense counsel may state that the person may be contacted through defense counsel.

B. The parties shall identify for each other all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, as set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

2. Once the above-described disclosures have been made, the parties may commence discovery pursuant to the Federal Rules of Civil Procedure.

3. By October 12, 2018, the parties shall file any motion to add parties or amend the pleadings.

4. Motions to compel discovery shall not be filed unless and until the moving party has made a good-faith, unsuccessful attempt to resolve the issue.

5. Defendant(s) are granted leave to depose plaintiff(s) pursuant to and under the conditions set out in Federal Rule of Civil Procedure 30.

6. By January 1, 2018, all pretrial discovery shall be completed.

7. By January 31, 2018, the parties shall file any motion for summary judgment.

8. If a motion for summary judgment is filed, within twenty days thereafter, the non-moving party must file suggestions in opposition to the motion for summary judgment.

9. If no motion for summary judgment is filed by the deadline set out above, the case will be set for trial.

10. The deadlines set out in this order will be extended only in exceptional circumstances and only upon a showing of good cause.

11. The Clerk of the Court shall send plaintiff(s) a copy of the Local Rules along with a copy of this order; however, the parties are advised that the deadlines and instructions set out in this order preempt any provision of the Local Rules to the contrary.

12. A party's failure to comply with the deadlines and instructions set out in this order may result in the imposition of appropriate sanctions, which could include the dismissal of this case.

### Overview of Discovery

As Plaintiff is proceeding *pro se*, the Court provides the following overview of discovery:

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") govern discovery in cases like this. Fed. R. Civ. P. 26. The process of discovery works as follows. This Pretrial Scheduling Order sets the deadlines for discovery. The purpose of discovery is to enable both parties to obtain the evidence necessary to evaluate and resolve the case before the trial. Some *pro se* litigants mistakenly believe that they can withhold their evidence until trial, but all relevant, non-privileged evidence is subject to discovery early in the case.

The main discovery methods utilized in prisoner litigation are written **interrogatories** (Fed. R. Civ. P. 33), **requests for production of documents** (Fed. R. Civ. P. 34), and **requests for admission** (Fed. R. Civ. P. 36).

- An **interrogatory** is a written question served by one party to another party, who must answer under oath and in writing.

- A written **request for production of documents** is used to compel the other party to produce records or other evidence in their possession or under their control.  Parties may be compelled to produce documents through the document request, without the necessity of serving a subpoena.
- A **request for admission** is the procedure whereby one party can request that the other party admit or deny the truth of any relevant fact or the genuineness of any relevant document.

Interrogatories, document requests, and requests for admission only can be served on the parties to the lawsuit, namely Plaintiff and Defendant(s).  If items are held by a non-party, prisoners may request the items from the third party by informal request or by subpoena.  Fed. R. Civ. P. 45.

Additionally, the Court's Local Rules encourage and expect the resolution of most discovery issues by the parties without involving the Court.  *See* Local Rule 37.1(a).  As a general rule, "a party must serve but not file" discovery requests and responses, including interrogatories, requests for production, and answers thereto, as set forth in Local Rule 26.3(a).  In other words, where a litigant seeks discovery documents, that party is to use the discovery process without filing the request with the Court.  Additionally, where a party seeks to provide discovery or other "evidence" to a party or parties, that information should not be sent to the Court, but should be provided to the opposing party or parties.

*Finally, although discovery requests and responses should not be sent to the Court, "a party must file a certificate of service when it serves any discovery document."*  Local Rule 26.3(b).  The certificate of service is similar to a "receipt" and indicates that a party has been served a discovery document, but the certificate of service does not contain the discovery request or response.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2018.