**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HARRY ANTHONY SCHEINA, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18-03210-CV-S-BP** |
| **v.** | ) | |
| | ) | |
| **JAMES SIGMAN, Sheriff of the Texas** | ) | |
| **County, MO, Individually and** | ) | |
| **In his official capacity; JENNIFER** | ) | |
| **TOMASZEWSKI, Individually** | ) | |
| **COUNTY OF TEXAS, MISSOURI** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT AND JOIN ADDITIONAL PARTIES**

**I.      INTRODUCTION**

Pursuant to the Court's December 28, 2018 order grating Plaintiff's second Motion to Amend Pretrial Scheduling Order, any motion to add parties or amend the pleadings shall be filed on or before January 16, 2018. *See* Dkt. No. 18. This motion seeks leave to amend to add two additional defendants and amend Plaintiff's original *pro se* pleadings to include appropriate allegations and parties. The motion is timely, sought for good cause, and will not prejudice Defendants.

Leave to amend pleadings is generally freely given prior to trial. Leave to amend is appropriate here, where Plaintiff seek to add two defendants for which Plaintiff has causes of action arising out of the same or similar occurrences or series of occurrences. Defendants will suffer no prejudice if the amendment is permitted. Discovery has not begun, and depositions have not yet taken place.

## II.  ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should feely give leave when just so requires." *See* Fed. R. Civ. Pro. 15(a)(2). The United States Supreme Court explained the wide latitude generally given to plaintiffs to amend, stating:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as under delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962(internal citations omitted). See also 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1471, at 505-06 (2d ed. 1990)(Rule 15 provides for liberal allowance of amended pleadings in order to "maxim[ize] opportunity for each claim to be decided on the merits rather than on procedural technicalities."); *Brubaker v. Deere & Co.*, No. 308CV00113CRWTJS, 2009 WL 10669242, at *3 (S.D. Iowa May 21, 2009)("In the words of the Eighth Circuit, 'given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for denial.' [citing] *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000)."). Leave to amend "should be granted" "unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated  failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment…" See *Harris v. Jackson Cty.*, No.

15-00012-CV-W-FJG, 2015 WL 12853076, at *1 (W.D. Mo. Mar. 26, 2015). The "burden is on the party opposing the amendment to show such prejudice." *Beeck v. Aquaslide 'N' Dive Cor.*, 562 F.2d 537, 540 (8ᵗʰ Cir. 1977).

### B. <u>Amendment is appropriate to Ensure that Claims are Clearly Expressed</u>

Plaintiff's original Complaint was filed *pro se*. Plaintiff's original claims dealt with inadequate medical care and excessive force. This Court ordered Plaintiff to re-file his *pro se* Complaint to more clearly set forth claims. At that time, Plaintiff accidentally filed two separate claims. They were then treated as two separate cases. One case, numbered 6:18-cv-03169-BP-P, dealt with Plaintiff's inadequate medical care issues. The second case, under the above styled case number, dealt with Plaintiff's excessive force claim. The *pro se* inadequate medical claim was then dismissed without prejudice for deficiencies in Plaintiff's pleadings. This case has remained. Counsel was then retained by Plaintiff to assist him in prosecuting his claims against all responsible parties.

Federal Rule of Civil Procedure 20(a)(2), which addresses permissive joinder of parties instructive: "Persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. *See* Fed R. Civ. Pro. 20(a)(2). The Eighth Circuit has noted that:

> The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to less the delay, expense, and inconvenience to all concerned. Reflecting this policy, the Supreme Court has said: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of clains, parties and remedies is strongly encourages."

*Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8ᵗʰ Cir. 1974) (citations omitted).

Here, permitting leave to amend to add two additional defendants and properly plead the causes of action originally filed *pro se* supports the goal of entertaining the broadest scope of Plaintiff's existing claims.

**C.  <u>The Amendment is Sought in Good Faith</u>**

Plaintiff's Amended Complaint seeks to clearly express Plaintiff's original claims, notably for the inadequate medical care that he received while incarcerated in Texas County. Plaintiff's Amended Complaint cleans up the language of Plaintiff's *pro se* complaints, adds relevant facts, and clarifies legal issues against all appropriate defendants.

"The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party." *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). Thus, because the proposed Amended Complaint only seeks to clarify Plaintiff's original *pro se* claims of inadequate medical care, of which defendants are already aware, defendants will not be prejudiced. As discovery has not begun, it also follows from the above that by asserting these claims, the proposed amendment will not expand discovery or delay adjudication.

**III.  <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion to Amend the Complaint And Join Additional Parties and permit Plaintiff to file the Amended Complaint.

Dated:   <u>  January 16, 2019   </u>                          Respectfully Submitted,

**STEELMAN & GAUNT**

/s/ David L. Steelman

By: _____

David L. Steelman, #27334
901 N. Pine St, Suite 110
P.O. Box 1257
Rolla, MO 65402
Telephone:    573-341-8336
Fax:         573-341-8548
dsteelman@steelmanandgaunt.com

/s/ Stephen F. Gaunt

_____

Stephen F. Gaunt, #33183
901 N. Pine St., Suite 110
P.O. Box 1257
Rolla, MO 65402
Telephone:    573-341-8336
Fax:         573-341-8548
sgaunt@steelmanandgaunt.com

**LAW OFFICE OF CHRISTOPHER  J. SWATOSH**

/s/ Christopher J. Swatosh

By: _____

Christopher J. Swatosh, # 45845
P.O. Box 190
200 E. Washington St.
Ava, MO 65608
Telephone:    417-683-2987
Fax:         417-683-2983
cswatosh@getgoin.net

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 16th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Stephen F. Gaunt