IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HARRY ANTHONY SCHEINA, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-03210-CV-S-BP |
| v. | ) |
| | ) |
| JAMES SIGMAN, Sheriff of the Texas | ) |
| County, MO, Individually and | ) |
| In his official capacity; JENNIFER | ) |
| TOMASZEWSKI, Individually | ) |
| COUNTY OF TEXAS, MISSOURI | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S SUGGESTION IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND JOIN ADDITIONAL PARTIES**

**I.    INTRODUCTION**

Plaintiff's filed his motion for leave to amend his original *pro se* complaint along with his proposed Amended Complaint on January 16, 2019, within the Court's ordered timeline. On January 30, 2019, Defendant filed his opposition to Plaintiff's motion and proposed Amended Complaint, but did not assert any of the accepted reasons for denying leave to amend. Herein, Plaintiff responds to Defendant's opposition to Plaintiff's proposed Amended Complaint.

**II.    ARGUMENT**

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires." The United States Supreme Court also has stated, "…in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

1

movant….undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.---the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962)(internal citations omitted). See also *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452 ( 8th Cir. 1998). The "burden is on the party opposing the amendment to show prejudice." *Beeck v. Aquaslide 'N' Dive Cor.*, 562 F.2d 537, 540 (8th Cir. 1977). As well, "The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party." *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted).

### B. Defendant Does Not Argue Prejudice

Defendant's single objection to Plaintiff's Motion for Leave to Amend the Complaint and Join Additional Parties is that the proposed Amended Complaint contains several counts related to Defendant's indifference to medical care and does not contain an excessive force claim. Defendant argues the proposed Amended Complaint should be filed in Case No. 18-3169-CV-S-BP, a closed file which once contained allegations of a similar nature to those contained in the proposed Amended Complaint and were dismissed without prejudice.

Defendant's single point of opposition fails to raise any of the enumerated reasons mentioned above for denying a party leave to amend a complaint. Defendant has not alleged Plaintiff filed the proposed Amended Complaint in bad faith or with a dilatory motive. Defendant has not alleged the proposed Amended Complaint creates an undue delay. Defendant has not alleged the amended counts are futile. In fact, Defendant tacitly accepts the proposed Amended Complaint as viable by not raising that issue and asking the Amended Complaint be filed in another case. Most important, though, Defendant has not alleged he would be prejudiced by Plaintiff's

proposed Amended Complaint. Defendant does not cite to any authority which supports Defendant's single objection. Because Defendant has not even alleged prejudice, Defendant has not met his burden showing why Plaintiff's motion should not be granted and the proposed Amended Complaint should not be filed.

**C. Proposed Amended Complaint Complies With Federal Rules**

Defendant's single objection cites this Court's order after Plaintiff filed his original complaint. See Defendant's Ex. 1. However, in that order, the Court simply ordered Plaintiff to comply with Federal Rules of Civil Procedure 18(a) and 20(a) with regard to pleading claims. *Id*. at 6. The proposed Amended Complaint complies with those rules along with federal precedent addressing the amending of complaints. The causes of action outlined by Plaintiff's Amended Complaint arise out of a series of transactions or occurrences and questions of law and fact common to all proposed defendants. The rules do not require the content of the proposed amendments be of the same topic as the original complaint. Defendant does not cite any authority which states amended counts must be of the same type as the previous complaint, and does not argue it violates the Federal Rules 18(a) and 20(a).

**D. Potential Scheduling Issues**

The current schedule has six months built in between the filing deadline for *Daubert* motions (the latest filing deadline) and the Pre-trial conference. Plaintiff agrees the scheduling order will have to be amended out of fairness to Defendant and prospective defendants. However, Plaintiff does not believe that the Court should or needs to completely scrap its current scheduling order or the trial date, which remains a year away. A minor adjustment to the current order would be fair to all parties and prospective parties would not impact this Court's trial calendar.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiff's Suggestions in Support, Plaintiff respectfully requests that the Court grant its Motion to Amend the Complaint And Join Additional Parties and permit Plaintiff to file the Amended Complaint.

Dated: February 7, 2019     Respectfully Submitted,

**STEELMAN & GAUNT**

/s/ David L. Steelman

By: _____
David L. Steelman, #27334
901 N. Pine St, Suite 110
P.O. Box 1257
Rolla, MO 65402
Telephone:  573-341-8336
Fax:     573-341-8548
dsteelman@steelmanandgaunt.com

/s/ Stephen F. Gaunt

_____
Stephen F. Gaunt, #33183
901 N. Pine St., Suite 110
P.O. Box 1257
Rolla, MO 65402
Telephone:  573-341-8336
Fax:     573-341-8548
sgaunt@steelmanandgaunt.com

**LAW OFFICE OF CHRISTOPHER J. SWATOSH**

/s/ Christopher J. Swatosh

By: _____
Christopher J. Swatosh, # 45845
P.O. Box 190

> 200 E. Washington St.
> Ava, MO 65608
> Telephone: 417-683-2987
> Fax: 417-683-2983
> cswatosh@getgoin.net
>
> **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 7th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Stephen F. Gaunt