UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARRY A. SCHEINA, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-3210 |
| | ) | |
| JAMES SIGMAN, Sheriff of the Texas | ) | |
| County, MO, Individually and In his official | ) | |
| capacity; JENNIFER TOMASZEWSKI, | ) | |
| Individually, COUNTY OF TEXAS, MISSOURI | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SIGMAN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Defendant, James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states the following by way of answer to Plaintiff's "Amended Complaint Under the Civil Rights Act of 42 U.S.C. § 1983":

1.      Paragraph number 1 is compound, vague and argumentative and requires no response from this Defendant. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 1, including subparts a) through e).

2.      Defendant denies each and every allegation in paragraph 2.

3.      Defendant denies each and every allegation in paragraph 3.

## JURISDICTION AND VENUE

4.      Defendant admits that this Court has jurisdiction over Plaintiff's federal claims.

5.      Defendant admits that venue is proper.

## PARTIES

6.      Defendant admits Plaintiff was incarcerated in the Texas County Jail during June-

July, 2017, but lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remainder of paragraph 6 and, therefore, denies the same.

7.    Defendant admits that Texas County is a local public entity, and denies the remainder of paragraph 7 because it is composed solely of legal conclusions.

8.    Defendant admits that he was the Sheriff of Texas County, Missouri, at all relevant times, and states that the remaining allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response to the remaining allegations may be deemed required, they are denied by Defendant.

9.    Defendant admits that Defendant Tomaszewski was a jailer in the Texas County Jail at the relevant times, and states that the remaining allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response to the remaining allegations may be deemed required, they are denied by Defendant.

10.    Defendant denies each and every allegation in paragraph 10.

## STATEMENT OF FACTS

11.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 11 and, therefore, denies the same.

12.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 12 and, therefore, denies the same.

13.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 13 and, therefore, denies the same.

14.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 14 and, therefore, denies the same.

15.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 15 and, therefore, denies the same.

16.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 16 and, therefore, denies the same.

17.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 17 and, therefore, denies the same.

18.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 18 and, therefore, denies the same.

19.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 19 and, therefore, denies the same.

20.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 20 and, therefore, denies the same.

21.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 21 and, therefore, denies the same.

22.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 22 and, therefore, denies the same.

23.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 23 and, therefore, denies the same.

24.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 24 and, therefore, denies the same.

25.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 25 and, therefore, denies the same.

26.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 26 and, therefore, denies the same.

27.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 27 and, therefore, denies the same.

28.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 28 and, therefore, denies the same.

29.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 29 and, therefore, denies the same.

30.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 30 and, therefore, denies the same.

31.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 31 and, therefore, denies the same.

32.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 32 and, therefore, denies the same.

33.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 33 and, therefore, denies the same.

34.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 34 and, therefore, denies the same.

35.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 35 and, therefore, denies the same.

36.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 36 and, therefore, denies the same.

37.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 37 and, therefore, denies the same.

38.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 38 and, therefore, denies the same.

39.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 39 and, therefore, denies the same.

40.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 40 and, therefore, denies the same.

41.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 41 and, therefore, denies the same.

42.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 42 and, therefore, denies the same.

43.     Defendant denies each and every allegation in paragraph 43.

44.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 44 and, therefore, denies the same.

45.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 45 and, therefore, denies the same.

46.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 46 and, therefore, denies the same.

47.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 47 and, therefore, denies the same.

48.     Defendant lacks sufficient knowledge and information to form a belief as to the

truth or falsity of paragraph 48 and, therefore, denies the same.

49.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 49 and, therefore, denies the same.

50.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 50 and, therefore, denies the same.

51.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 51 and, therefore, denies the same.

52.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 52 and, therefore, denies the same.

53.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 53 and, therefore, denies the same.

54.      Defendant denies each and every allegation in paragraph 54.

55.      Defendant denies each and every allegation in paragraph 55.

56.      Defendant denies each and every allegation in paragraph 56.

57.      Defendant denies each and every allegation in paragraph 57.

58.      Defendant denies each and every allegation in paragraph 58.

59.      Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 59 and, therefore, denies the same.

60.      Defendant admits that Plaintiff pleaded guilty to his charges, but lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in paragraph 60 and, therefore, denies the same.

61.      Defendant lacks sufficient knowledge and information to form a belief as to the

truth or falsity of paragraph 61 and, therefore, denies the same.

62.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 62 and, therefore, denies the same.

63.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 63 and, therefore, denies the same.

64.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 64 and, therefore, denies the same.

65.     Defendant denies each and every allegation in paragraph 65.

66.     Defendant denies each and every allegation in paragraph 66.

67.     Defendant denies each and every allegation in paragraph 67.

68.     Defendant denies each and every allegation in paragraph 68.

69.     Defendant denies each and every allegation in paragraph 69.

70.     Defendant denies each and every allegation in paragraph 70.

71.     Defendant admits so much of paragraph 71 as alleges that he and Defendant Tomaszewski were in a romantic relationship, but denies the remaining allegations.

72.     Defendant denies each and every allegation in paragraph 72.

73.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 73 and, therefore, denies the same.

74.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 74 and, therefore, denies the same.

75.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 75 and, therefore, denies the same.

76. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 76 and, therefore, denies the same.

77. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 77 and, therefore, denies the same.

78. Paragraph 78 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 78.

79. Paragraph 79 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 79.

80. Defendant states that paragraph 80 contains legal conclusion to which no response is required. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 80, therefore, denies the same.

81. Defendant admits so much of paragraph 81 as alleges that, at the relative times, Texas County contracted with Advanced Correctional Healthcare to provide medical services to inmates. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the same.

82. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 82 and, therefore, denies the same.

83. Paragraph 83 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in paragraph 83.

84.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 84 and, therefore, denies the same.

85.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 85 and, therefore, denies the same.

86.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 86 and, therefore, denies the same.

87.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 87 and, therefore, denies the same.

88.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 88 and, therefore, denies the same.

89.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 89 and, therefore, denies the same.

90.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 90 and, therefore, denies the same.

91.     Defendant denies each and every allegation in paragraph 91.

92.     Defendant denies the existence of such a policy, and denies the remaining allegation in paragraph 92, if any.

93.     Defendant denies each and every allegation in paragraph 93.

## COUNT I
## DELIBERATE INDEIFFERENCE TO SCHEINA'S MEDICAL NEEDS IN VIOLATION OF 42 U.S.C.§1983-DEFENDANT JENNIFER TOMASZEWSKI

COMES NOW Defendant James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states that Count I makes no allegations against him.  To the extent

a response is required, Defendant states as follows:

94.     Defendant hereby repeats, restates and incorporates herein by reference all of the admissions, denials and averments contained in the foregoing paragraphs 1-93 as though fully set forth herein.

95.     Defendant denies each and every allegation in paragraph 95.

96.     Defendant denies each and every allegation in paragraph 96.

97.     Defendant denies each and every allegation in paragraph 97.

98.     Defendant denies each and every allegation in paragraph 98.

99.     Defendant denies each and every allegation in paragraph 99.

100.     Defendant denies each and every allegation in paragraph 100.

101.     Defendant denies each and every allegation in paragraph 101.

102.     Paragraph 102 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 102.

103.     Paragraph 103 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 103.

104.     Paragraph 104 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 104.

105.     Paragraph 105 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in

paragraph 105.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Count I, at Plaintiff's cost, and enter judgment in favor of Defendant, and for such other and further relief to which Defendant may show itself justly entitled.

**COUNT II**
**DELIBERATE INDEIFFERENCE TO SCHEINA'S MEDICAL NEEDS IN VIOLATION OF 42 U.S.C.§1983-DEFENDANT JAMES SIGMAN**

COMES NOW Defendant James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states the following by way of answer to Count II:

106.    Defendant hereby repeats, restates and incorporates herein by reference all of the admissions, denials and averments contained in the foregoing paragraphs 1-105 as though fully set forth herein.

107.    Defendant denies each and every allegation in paragraph 107.

108.    Defendant denies each and every allegation in paragraph 108.

109.    Defendant denies each and every allegation in paragraph 109.

110.    Defendant denies each and every allegation in paragraph 110.

111.    Defendant denies each and every allegation in paragraph 111.

112.    Defendant denies each and every allegation in paragraph 112.

113.    Defendant denies each and every allegation in paragraph 113.

114.    Paragraph 114 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 114.

115.    Paragraph 115 contains only legal conclusions to which no response is required.

To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 115.

116.    Paragraph 116 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 116.

117.    Paragraph 117 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 117.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Count II, at Plaintiff's cost, and enter judgment in favor of Defendant, and for such other and further relief to which Defendant may show itself justly entitled.

## COUNT III

### DELIBERATE INDEIFFERENCE TO SCHEINA'S MEDICAL NEEDS IN VIOLATION OF 42 U.S.C.§1983 DEFENDANTS JAMES SIGMAN AND TEXAS COUNTY

COMES NOW Defendant James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states the following by way of answer to Count III:

118.    Defendant hereby repeats, restates and incorporates herein by reference all of the admissions, denials and averments contained in the foregoing paragraphs 1-117 as though fully set forth herein.

119.    Paragraph 119 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 119.

120.     Paragraph 120 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 120.

121.     Paragraph 121 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 121.

122.     Paragraph 122 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 122.

123.     Paragraph 123 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 123.

124.     Defendant denies each and every allegation in paragraph 124, including all subparts thereto.

125.     Paragraph 125 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 125.

126.     Defendant admits so much of paragraph 126 as alleges that inmates, like everyone else in the general population, may have medical needs from time to time, and denies the remaining allegations in paragraph 126, if any.

127.     Defendant denies each and every allegation in paragraph 127, including all subparts thereto.

128.     Defendant denies each and every allegation in paragraph 128, including all subparts thereto.

129.     Defendant denies each and every allegation in paragraph 129, including all subparts thereto.

130.     Paragraph 130 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 130.

131.     Defendant denies each and every allegation in paragraph 131, including all subparts thereto.

132.     Defendant denies each and every allegation in paragraph 132, including all subparts thereto.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Count III, at Plaintiff's cost, and enter judgment in favor of Defendant, and for such other and further relief to which Defendant may show itself justly entitled.

**COUNT IV**
**DELIBERATE INDEIFFERENCE TO**
**SCHEINA'S MEDICAL NEEDS IN VIOLATION OF 42 U.S.C.§1983:**
**DEFENDANT TEXAS COUNTY**

COME NOW Defendant James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states that Count IV states no claim against him and, therefore, requires no response.  To the extent a response may be deemed required, Defendant states as follows:

133.     Defendant hereby repeats, restates and incorporates herein by reference all of the

admissions, denials and averments contained in the foregoing paragraphs 1-132 as though fully set forth herein.

134.    Paragraph 134 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 134.

135.    Paragraph 135 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 135.

136.    Paragraph 136 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 136.

137.    Paragraph 137 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 137.

138.    Paragraph 138 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 138.

139.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 139 and, therefore, denies the same.

140.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 140 and, therefore, denies the same.

141.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 141 and, therefore, denies the same.

142.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 142 and, therefore, denies the same.

143.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 143 and, therefore, denies the same.

144.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 144 and, therefore, denies the same.

145.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 145 and, therefore, denies the same.

146.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 146 and, therefore, denies the same.

147.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 147 and, therefore, denies the same.

148.    Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of paragraph 148 and, therefore, denies the same.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Count IV, at Plaintiff's cost, and enter judgment in favor of Defendant, and for such other and further relief to which Defendant may show itself justly entitled.

## COUNT V
## DELIBERATE INDEIFFERENCE TO SCHEINA'S MEDICAL NEEDS IN VIOLATION OF 42 U.S.C.§1983: FAILURE TO ADEQUATELY SUPERVISE TOMASZEWSKI DEFENDANT SIGMAN

COMES NOW Defendant James Sigman, by and through his undersigned counsel, Keck, Phillips & Wilson, LLC, and states the following by way of answer to Count V:

149.    Defendant hereby repeats, restates and incorporates herein by reference all of the admissions, denials and averments contained in the foregoing paragraphs 1-148 as though fully set forth herein.

150.    Defendant denies each and every allegation in paragraph 150.

151.    Defendant denies each and every allegation in paragraph 151.

152.    Defendant admits that, as Sheriff, he directly or indirectly "supervised" all employees of the Sheriff's Department.

153.    Defendant denies each and every allegation in paragraph 153.

154.    Defendant denies each and every allegation in paragraph 154.

155.    Defendant denies each and every allegation in paragraph 155.

156.    Defendant denies each and every allegation in paragraph 156, including all subparts.

157.    Defendant denies each and every allegation in paragraph 157.

158.    Defendant denies each and every allegation in paragraph 158.

159.    Defendant denies each and every allegation in paragraph 159.

160.    Paragraph 160 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in

paragraph 160.

161.     Paragraph 161 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 161.

162.     Paragraph 162 contains only legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant denies each and every allegation in paragraph 162.

163.     Defendant denies each and every allegation in paragraph 163.

164.     Defendant denies each and every allegation in paragraph 164.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Count V, at Plaintiff's cost, and enter judgment in favor of Defendant, and for such other and further relief to which Defendant may show itself justly entitled.

## AFFIRMATIVE DEFENSES, AVOIDANCES, AND ADDITIONAL MATTERS

Defendant states the following by way of affirmative defenses, avoidances and additional matters:

1.     Defendant denies each and every allegation set forth in Plaintiff's Complaint, except those specifically admitted herein.

2.     Defendant asserts that the doctrine of qualified immunity is applicable to each and every cause of action set forth in the Complaint, and that Plaintiff is barred, in whole or in part, from asserting and pursuing recovery on said actions.

3.     Plaintiff's Complaint herein fails, in whole or in part, to state a claim against Defendant upon which relief may be granted.

4.     Defendant asserts that the doctrine of official immunity is applicable to each and every cause of action set forth in the Complaint, and that Plaintiff is barred, in whole or in part, from asserting and pursuing recovery on said actions.

5.     Defendant asserts that the public duty doctrine is applicable to each and every cause of action set forth in the Complaint, and that Plaintiff is barred, in whole or in part, from asserting and pursuing recovery on said actions.

6.     Defendant asserts that the doctrine of sovereign immunity is applicable to each and every cause of action set forth in the Complaint, and that Plaintiff is barred, in whole or in part, from asserting and pursuing recovery on said actions.

8.     Defendant avers that Plaintiff's cause of action is frivolous and that at such time as Defendant prevails on Plaintiff's Complaint, Defendant is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

9.     Plaintiff failed to exhaust his administrative remedies at the Texas County Jail prior to filing suit.

10.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, unclean hands, waiver or abandonment.

11.     Plaintiff's recovery is barred, in whole or in part, by his failure to mitigate his damages.

12.     Defendant affirmatively states that all damages sustained by Plaintiff, the existence of which are generally and specifically denied by Defendant, were directly and proximately caused or were directly and proximately contributed to be caused by the comparative or contributory fault and/or negligence of Plaintiff, as follows:

        a.      In removing, partially removing, or attempting to remove or partially remove, the surgically installed hardware in his jaw by himself and without the supervision of a doctor;

        b.      In failing to follow the advice and instructions of his physician;

        c.      In failing to attend follow up appointments with his surgeons and doctors during time periods when he was not incarcerated.

To the extent Plaintiff's damages, if any, were proximately caused by his own negligence and/or the negligence of others whose acts are beyond the control of Defendant, any recovery should be reduced by comparative fault

13.     Defendant affirmatively states that all damages sustained by Plaintiff, the existence of which are generally and specifically denied by Defendant, were directly and proximately caused or were directly and proximately contributed to be caused by the comparative or contributory fault and/or negligence of third parties. To the extent Plaintiff's damages, if any, were proximately caused by his own negligence and/or the negligence of others whose acts are beyond the control of Defendant, any recovery should be reduced by comparative fault.

14.     Defendant affirmatively states that punitive or exemplary damages are not recoverable under any facts pleaded herein.

15.     Plaintiff's claims for punitive damages against Sigman in his official capacity are barred and cannot be recovered from a governmental entity.

16.     Defendant affirmatively states that his actions toward Plaintiff were, at all times, taken in good faith and reasonable in light of established law.

17.     Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting such defenses become known and available during the course of this litigation.

18.     Defendant hereby requests that a trial by jury be had on all issues so triable.

**WHEREFORE**, Defendant James Sigman, having answered to the Amended Complaint of Plaintiff, prays to be discharged thereon, be awarded his costs and attorney fees, and for such other and further relief as the Court deems just and proper in the premises.

KECK, PHILLIPS & WILSON, LLC


By____/s/ *Matthew D. Wilson*_____
    Matthew D. Wilson #59966
    3140 E. Division
    Springfield, MO  65802
    Phone: (417) 890-8989
    Fax: (417) 890-8990
    Email: matt@kpwlawfirm.com
    Attorneys for Defendants


## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via ECF, this 5th day of March, 2019 to:

Stephen F. Gaunt
David L. Steelman
Steelman & Gaunt
901 Pine St.
Ste. 110
P.O. Box 1257
Rolla, MO 65402

Christopher J. Swatosh
Law Office of Cristopher J. Swatosh
200 East Washington

P.O. Box 190
Ava, MO 65608

/s/ *Matthew D. Wilson*
Matthew D. Wilson