UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARRY ANTHONY SCHEINA, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-03210-S-BP |
| | ) | |
| JAMES SIGMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMAND |

**DEFENDANT TEXAS COUNTY'S**
**SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant Texas County, Missouri, by and through undersigned counsel, and for its Suggestions in Support of its Motion to Dismiss, state as follows:

**Introduction**

The present suit arises out of Plaintiff's claim that he was denied adequate dental care during his time as a pre-trial detaining in the Texas County Jail. The lawsuit was initially filed against Sheriff James Sigman in his official and individual capacities. Plaintiff amended his Complaint on February 19, 2019, to add the jail administrator, Jennifer Tomaszewski, in her individual capacity only, and Texas County. Counts III and IV are the only claims directed against Texas County. [Doc. #31]

Counts III and IV are both captioned "Deliberate Indifference to Scheina's Medical Needs in Violation of 42 U.S.C. § 1983. Count III is asserted against both Sigman and Texas County and claims specifically that Sigman established a policy for avoiding paying for inmate medical care by "a) insufficiently staffing Texas County Jail to provide transport to inmates for medical care; b) refusing to transport inmates to medical appointments; c) refusing to pay for medical care costs

incurred by inmates/detainees in Texas County Jail custody; d) requiring inmates/detainees to pre-pay for dental care before the inmate/detainee would receive such care; and e) attempting to skirt responsibility for paying for inmate/detainee medical care by forcing inmates/detainees to sign a release form shifting the burden of the cost of care to the inmate/detainee." *Id*. at para. 124.

Count IV is plead solely against Texas County. In Count IV, however, Plaintiff asserts the identical customs and practices led to his damages. *Id.* at para. 144. In Count IV, Plaintiff alleges that certain elected officials made statements, which in his opinion support the contention that the asserted policies and customs existed. These same statements are incorporated by reference into Count III as well. *Id.* (see para. 118 incorporating all prior paragraphs including the "Statement of Facts.")

This Motion to Dismiss addresses the claims directly against Texas County only. As suggested below, each of the claims against Texas County should be dismissed because they are redundant to the official capacity claims already presented against Sheriff Sigman. Further, Counts III and IV allege identical policy and practice claims ("*Monell*" claims) and do not set forth alternate theories of recovery and therefore are duplicative.

**Standard of Review**

A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Rule 12(b)(6) of the Federal Rules of Civil Procedure states a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" and the

motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b) (6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## Official-Capacity Claim Obviates Need to Add County as Separate Party

The Complaint asserts Defendant Sigman is sued in his individual and official capacity." [Doc. # 31, para. 8] "Personal-capacity suits seek to impose personal liability upon a governmental official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal citations and quotation marks omitted). In other words, in an official-capacity suit, the real party in interest is the governmental entity and not the named official. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Graham*, 473 U.S. at 166 ("as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Here, the Amended Complaint alleges Defendant Sigman was employed by Texas County as both the Sheriff and the "Warden of the Texas County Jail." [Doc. #31, para. 8] Defendant Sigman is further identified as the final policy maker for Texas County "in matters relating to the care, medical or otherwise, of the inmates/detainees held in Texas County Jail." *Id*. at para. 123. The Complaint goes on to state: "Defendant Sigman establishing these policies in his official

capacity is the functional equivalent to Texas County establishing them." *Id.* at para. 125. Thus, naming Texas County as a defendant in this lawsuit is merely redundant and duplicative of the already pending official-capacity claims against Sheriff Sigman and therefore, Texas County should be dismissed as a separate party. *Artis v. Francis Howell North Band Booster Ass'n., Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (where individual named only in official capacity, dismissal of claim as to him was proper in that it was redundant to the claim asserted against School District); *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994) ("[w]hen [plaintiff] sued Sheriff Gravett in his official capacity she sued the County as well - any naming of the County in the heading of the complaint was, therefore, redundant"); *Rini v. Zwirn*, 886 F.Supp. 270, 281-82 (E.D.N.Y. 1995) (stating any official-capacity § 1983 claim against town employees is a redundant method of stating a claim against the Town itself).

WHEREFORE, Defendant Texas County, Missouri respectfully requests this honorable Court enter its order dismissing Count III as to Texas County and Count IV in its entirety, with prejudice, and such other relief as this court deems just and proper under the circumstances.

**Respectfully submitted**,

FISHER PATTERSON SAYLER & SMITH, L.L.P.

  */s/ Jasmine Y. McCormick*
Portia C. Kayser, #63527MO
Jasmine Y. McCormick, #66386MO
1010 Market Street, Suite 1650
St. Louis, MO 63101
Telephone: (314) 561-3675
Facsimile: (314) 571-6792
pkayser@fisherpatterson.com
jmccormick@fisherpatterson.com

*Attorneys for Defendant Texas County, Missouri*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via the Court's electronic filing CM/ECT system this 21st day of March, 2019, that all parties are represented by counsel who are registered with and will received service through the same.

                                                */s/ Jasmine Y. McCormick*