IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HARRY ANTHONY SCHEINA, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-03210-CV-S-BP |
| v. ) | |
| ) | |
| JAMES SIGMAN, *et al.* ) | |
| ) | |
| Defendants. ) | |

**SUGGESTIONS IN OPPOSITION OF DEFENDANT TEXAS COUNTY, MISSOURI'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Harry Anthony Scheina, III, by and through undersigned counsel, and for his Suggestions in Opposition to Defendant Texas County's Motion to Dismiss, state as follows:

I. **Introduction**

Texas County is named as a party in Counts III and IV of Plaintiff's First Amended Complaint. [Doc. #31]. Despite citing authority recognizing that it is the real party in interest in claims brought against former Texas County Sheriff James Sigman in his official capacity, Defendant Texas County has moved this Court to dismiss it as a party to Mr. Scheina's lawsuit for constitutional deprivations he suffered while incarcerated at the Texas County Jail. Texas County claims suing both James Sigman, in his official capacity as Sheriff of Texas County, and Texas County is redundant, and, therefore, the real party in interest, Texas County, should be dismissed as a party to Count III, which names both as Defendants. Second, Texas County argues, without any citation to authority, that Count IV, naming only Texas County, is redundant

1

to Count III, and that the entire Count should be dismissed.  This is despite the fact that Counts III and IV are directed against different Defendants, involve different policy makers, and concern different policies.

II.     Argument

    **A.  Count IV Is a Separate Action from Count III and involves different policies and policy makers**

Texas County alleges Count IV is redundant to Count III.  Count III concerns policies James Sigman implemented in his official capacity, as outlined in paragraph 124 of the amended complaint. [Doc. #31, p. 22].  These policies include the following directives, actions and decisions of Defendant Sigman:  not providing sufficient staff to transport inmates to medical appointments; refusing to transport inmates to medical appointments; refusing to pay for medical care costs incurred by inmates/detainees in Texas County Jail custody, requiring inmates to pre-pay for dental care before the inmate/detainee would receive such care, and attempting to skirt responsibility for paying for inmate/detainee medical care by forcing inmates/detainees to sign a release form shifting the burden of the cost of care to the inmate/detainee.  None of these involve policies specifically adopted by the Texas County Commission.  In contrast, Count IV specifically alleges policies adopted by the County Commission.  For example, in paragraph 144, Plaintiff alleges:  "Defendant Texas County has established a policy or custom to provide insufficient funding to TCSD and Texas County Jail for inmate /detainee medical care."  The general allegations, incorporated in Count IV, make it clear that the County Commission, which sets the County budget, was making its own decisions on inmate funding, and point out statements such as the following:

> 85. In a letter addressed to Texas County Memorial Hospital ("TCMH"), dated April 11, 2018, Texas County, through its commissioners, stated that it does not believe it has a duty to pay for inmates' medical care.
>
> \*\*\*\*
>
> 88. With respect to the delinquency and its fiduciary responsibilities, Texas County, through its commissioners, has said, "The folks held at the county jail are there on state charges. They have not been convicted of any crimes and there are alternatives from the court (referencing bonding out)."
>
> 89. Texas County, through its commissioners, has also stated, "if you have a person visiting your home, they fall ill and you transport them for medical help, should you pay the bill?," equating inmates/detainees held against their will to invited house guests and demonstrating its complete disregard for the civil rights and medical needs of those involuntarily but completely in its care.
>
> \*\*\*\*
>
> 91. The policy and custom of Texas County providing insufficient funds for necessary medical care shows a deliberate indifference to the serious medical needs of Scheina, and other inmates.

These are not claims against former Sheriff Sigman; these are budgetary decisions made by and advocated by the Texas County Commission. Texas County failing to provide sufficient funding for medical care is a wholly separate issue than the policies implemented by James Sigman as Sheriff. These budgetary/funding claims against Texas County are so clearly pled in Count IV, and so clearly absent in Count III, which does not even mention funding or budgets, that Texas County's strategy appears to be to convince the Court to dismiss Count IV so those issues can never be raised.The claims are not "redundant" and should not be dismissed on that basis, which is the only one asserted by Defendant Texas County in its Motion to Dismiss.

3

Texas County's argument on dismissal of redundant claims is as dubious legally as factually. The Eighth Circuit has noted that dismissing claims as redundant on a substantive basis is not necessarily appropriate. In declining to uphold a dismissal on that basis in *Whitney v. Guys, Inc.,* 700 F.3d 1118 n.8 (8th Cir. 2012), the court stated, "[w]e are skeptical that the issue is as simple as suggested below due to the permissibility of pleading in the alternative and the possibility of dealing with claim redundancy at the remedies stage rather than at the preliminary stage, as in this case." Directly on point and contrary to the argument Texas County makes on Count III, and relevant to the "redundancy" argument for dismissal of Count IV here, is *Chalepah v. City of Omaha,* 2019 WL 802094, 3* (D. Neb. 2019):

> The individual defendants argue that because the City of Omaha is a named defendant, there is no need to sue the individual defendants in their official capacity. It is true that official capacity suits are "to be treated as a suit against the [governmental] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court noted that "[t]here is no longer a need to bring official-capacity actions against local governmental officials, for ... local government units can be sued directly for damages." *Graham*, 473 U.S. at 167 n.14. ***However, the individual defendants have not cited this Court to any authority holding that a plaintiff is barred from suing individual defendants in their official capacity when the governmental unit is also sued. Graham merely held that suits naming both a City and individual defendants in their official capacity were redundant, but that redundancy does not compel dismissal of the plaintiff's official capacity claims.*** Also, the Court notes that this is not the first time that the City of Omaha has had this same argument rejected. *See Higgins v. Dankiw*, No. 8:08-cv-15, 2008 WL 5282925, at *5 (D. Neb. Dec. 18, 2008).

It is also worth noting that, although Defendant Texas County does not challenge the merits of Count IV in its Motion to Dismiss, dismissal of Count IV would result in Plaintiff being unable to raise these valid issues of Texas County policy regarding funding for inmate care. The county is responsible for insuring that adequate funds are provided to meet the medical needs of inmates. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 705 (11th Cir.

4

1985) (referencing *Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974)). Lack of funds for facilities cannot justify an unconstitutional lack of competent medical care and treatment. *Id.*

To support its claim in Count IV, Plaintiff has identified a distinct Texas County policy and alleged sufficient facts including, but not limited to, the following: Texas County only financially provides for part-time medical care through a third party, none of which are dentists; Texas County currently holds more than $200,000.00 inmate related debt at Texas County Memorial Hospital; Texas County Memorial Hospital, the largest healthcare provider in Texas County, has refused to provide services to inmate medical care except for emergent situations due to this debt; and several statements made by Texas County Commissioners, the elected officials who through its budgetary authority create policy regarding the funding of inmate medical care at Texas County Jail, which demonstrate an awareness of concerns over the funding of inmate medical care and Texas County's indifference to its constitutional obligation to provide adequate funding for inmate medical care. In fact, Texas County has made public statements that it does not need to provide *any* funding for inmate medical care.[1] Taking all facts as true and drawing all reasonable inferences from them, Plaintiff has sufficiently alleged that Texas County has failed to sufficiently fund inmate medical care at Texas County Jail. These claims are raised in Count IV, and only in Count IV.

Count IV should not be dismissed.

---

[1] Texas County Commissioners have made several public statements regarding the funding of inmate medical care. Some of these statements were referenced by the Amended Complaint; however, Texas County has continued to make statements which suggest it does not feel it needs to provide necessary medical care to inmates at the Texas County Jail.

5

## B.  Texas County Should Not Be Dismissed From Count III

As with Count IV, Texas County does not allege Plaintiff has stated insufficient facts to support a claim in Count III. Texas County simply argues it should be dismissed as a party to this Count because naming Texas County in addition to James Sigman for this claim is redundant. Plaintiff agrees that suing Sigman, in his official capacity, is the equivalent of suing Texas County, the entity.  However, the relief sought by Texas County is not appropriate, and even the cases cited by Texas County indicate that the County, as the real party in interest, must remain in the claim.

Texas County cites to no authority requiring this court to dismiss it as a party to Count III, nor has Plaintiff located any authority which supports Texas County's position.  Instead, as the Supreme Court stated in *Hafer*, "Suits against state officials in their official capacity should be treated as suits against the State …the real party in interest in an official-capacity lawsuit is the governmental entity…," the very party Defendant seeks to dismiss. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). (citing *Kentucky v. Graham*, 473 U.S. 165 (1985)).

Texas County cites three cases it indicates support the notion that the real party in interest should be dismissed here, but totally ignores or misstates the actual holdings in those cases.  In *Rini v. Zwirn*, the court stated that official capacity claims *against appointed executives* were redundant to claims made against the entity, or the real party in interest, and it dismissed those claims against the officials. *Rini v. Zwirn*, 886 F.Supp 270, 281-82 (E.D.N.Y. 1995).  That is the opposite of Texas County's argument here.  In *Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998) the Court dismissed a *claim* against the official who was sued in his official capacity.  This, too, is contrary to Texas County's position. However, it also appears that the claim was dismissed rather than the party, and the claim was dismissed because it failed for the same reasons the claim against the School District did.  In

other words, it does not say you cannot make a claim against both an official in his official capacity and the government entity.  Finally, Texas County cites *Roberts v. Dillon,* 15 F.3d 113 (8th Cir. 1994).  But that case has nothing to do with whether both an official in his official capacity and the government entity may be sued.  In that case there was a dispute over whether the removal of the case required action by the County, which was also named as a party, or whether the action of the Sheriff in removing the case was sufficient.  The conclusion was "when Sheriff Gravett removed the suit, he removed for the County as well as for himself.  All parties consented to removal on time, and the District Court properly exercised jurisdiction." *Id.* at 115.  It does not dismiss a claim against the County as redundant; nor does it indicate it was inappropriate to sue both the County and the Sheriff in that case.

In addition to those cases, Plaintiff cites generally to *Busby v. City of Orlando*, 931 F.3d 764 (11th Cir. 1991); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700,705 (11th Cir. 1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Youngs v. Johnson*, 2008 WL 4816731 (M.D. GA 2008) as examples of the government entity, as the real party in interest, remaining in an official capacity suit.  Simply, Texas County is the real party in interest for the official capacity claim in Count III, and therefore, it should remain as a party.

While as noted above there is some authority for the opposite proposition that an official sued in his official capacity should be dismissed in favor of the real party in interest, the government entity, other cases clearly allow the plaintiff to proceed against both, including the *Chalepah* case cited earlier. 2019 WL 802094.  However, the question of whether James Sigman, in his official capacity, should be dismissed as a party to Count III is not before this court, as James Sigman has not raised that as an issue and has filed an answer.

7

Wherefore, Plaintiff respectfully requests this Court deny Defendant Texas County's motion, order it to answer Plaintiff's Amended Complaint, and for such other relief as this court deems just and proper.

Respectfully Submitted,

**STEELMAN & GAUNT**

By: /s/ Stephen F. Gaunt
_____
Stephen F. Gaunt, #33183
David L. Steelman, #27334
901 N. Pine St, Suite 110
P.O. Box 1257
Rolla, MO 65402
Telephone: 573-341-8336
Fax: 573-341-8548
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com

**LAW OFFICE OF CHRISTOPHER J. SWATOSH**

By: /s/ Christopher J. Swatosh
_____
Christopher J. Swatosh, # 45845
P.O. Box 190
200 E. Washington St.
Ava, MO 65608
Telephone: 417-683-2987
Fax: 417-683-2983
cswatosh@getgoin.net

**ATTORNEYS FOR PLAINTIFF**