IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HARRY ANTHONY SCHEINA, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-03210-CV-S-BP |
| JAMES SIGMAN *et al.*, | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff filed this action in July 2018 after he was denied "adequate, reasonable, and necessary medical care for [his] fractured mandible" while he was incarcerated in the Texas County Jail ("the Jail"). (Doc. 31, p. 1.)[1] Plaintiff brings this action against (1) James Sigman ("Sigman"), the Sheriff of Texas County, in his individual and official capacities; (2) Jennifer Tomaszewski, the administrator of the Texas County Jail, in her individual capacity, and (3) Texas County, Missouri ("the County"). (*Id.*) Pending is Texas County's Motion to Dismiss Count III as it relates to the County and Count IV in its entirety. (Doc. 49.) For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff's Amended Complaint contains six counts, two of which are relevant to this Order. Count III seeks recovery against both Sigman in his official (but not individual) capacity and the County for deliberate indifference to Plaintiff's medical needs in violation of 42 U.S.C. § 1983. Plaintiff's core allegation in Count III is that

---

[1] All page numbers are those generated by the Court's CM/ECF system and may not match the document's original pagination.

> Defendant Sigman, in his official capacity, established a policy or custom that [the Texas County Sheriff's Department] would avoid paying for inmate medical care through unconstitutional means, including but not limited to:
>
> a) insufficiently staffing Texas County Jail to provide transport to inmates for medical care;
>
> b) refusing to transport inmates to medical appointments;
>
> c) refusing to pay for medical care costs incurred by inmates/detainees in Texas County Jail custody;
>
> d) requiring inmates/detainees to pre-pay for dental care before the inmate/detainee would receive such care; and
>
> e) attempting to skirt responsibility for paying for inmate/detainee medical care by forcing inmates/detainees to sign a release form shifting the burden of the cost of care to the inmate/detainee.

(Doc. 31, p. 22, ¶ 124.) In addition to compensatory damages, Count III seeks injunctive relief requiring Sigman and the County to "transport inmates/detainees to medical appointments, to comply with [relevant Missouri statutes], and to provide medical and dental care to inmates without requiring payment of care." (Doc. 31, p. 24.)

Count IV also seeks recovery for deliberate indifference to Plaintiff's medical needs in violation of 42 U.S.C. § 1983, but against the County only. Plaintiff alleges in Count IV that "Texas County has established a policy or custom to provide insufficient funding to [the Texas County Sheriff's Department] and Texas County Jail for inmate/detainee medical care." (Doc. 31, p. 26, ¶ 144.) Count IV seeks only injunctive relief, requiring Texas County to "provide sufficient funding for adequate medical care for the inmates/detainees of Texas County Jail." (*Id.* at 27.)

On March 21, the County filed the pending motion to dismiss Count III as it relates to Texas County and Count IV in its entirety. (Doc. 49.) Plaintiff opposes the motion. (Doc. 52.) After considering the parties' arguments, the County's motion is **GRANTED** in part and **DENIED** in part.

## II. DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *E.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013).[2]

### A. Counts III and IV – Injunctive Relief

Plaintiff seeks injunctive relief against the County in Counts III and IV. (*See* Doc. 31, pp. 24, 27.) Texas County argues that "[s]ince Plaintiff is no longer an inmate in the jail, he has no standing to make such a claim." (Doc. 56, p. 2.) In response, Plaintiff asserts that

> [g]iven [his] status as a felon, his long history of indigency, lack of employment opportunities, and his near illiteracy, Plaintiff will certainly return to a state of indigency upon his release from [the Department of Corrections] and be unable to comply with the conditions of his probation. He will almost certainly be re-incarcerated in Texas County Jail, even if he never commits another crime.

(Doc. 62, p. 4.) For the following reasons, the Court agrees with the County.

---

[2] This standard also applies to the County's arguments regarding standing because the County's argument is a facial, not factual, challenge to Plaintiffs' standing to assert claims for injunctive relief. *See, e.g.*, *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

"Article III of the Constitution confines the jurisdiction of federal courts to justiciable cases and controversies." *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing U.S. CONST. art. III, § 2). Courts are under an independent obligation to determine whether standing is proper. *Id.* "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

Plaintiff's claims for compensatory damage relate to the alleged injuries he received at the Jail. However, Plaintiff is no longer incarcerated, thus his claims for injunctive relief are necessarily based on injuries he will suffer in the future. "The Supreme Court has recognized that future injury can be sufficient to establish Article III standing." *In re SuperValu, Inc.*, 870 F.3d 763, 769 (8th Cir. 2017) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). "In future injury cases, the plaintiff must demonstrate that the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (quotations omitted); *see also City of Kennett, Missouri v. Envtl. Prot. Agency*, 887 F.3d 424, 431 (8th Cir. 2018) ("*Possible* future injury is insufficient"); *Meuir*, 487 F.3d at 1119 ("Standing to seek injunctive relief requires a plaintiff . . . to show a likelihood of future harm.") "The question here is whether the complaint adequately alleges that [Plaintiff] face[s] a 'certainly impending' or 'substantial risk'" of being subject to the threatened injury. *In re SuperValu, Inc.*, 870 F.3d at 769.

Plaintiff has not sufficiently alleged a substantial risk of being subject to harm such that it confers standing. Plaintiff claims that "[i]t is almost certain [he] will be re-incarcerated in the

Texas County Jail as a sanction for not being able to afford to pay fees and costs, or being able to maintain employment." (Doc. 62, p. 5.) However, to base standing on this theory, Plaintiff must demonstrate that there is a substantial risk that he will (1) violate the terms of his probation, (2) be arrested for said violation, (3) be re-incarcerated at the Texas County Jail, and (4) require dental care during his incarceration. On the first point, the Court cannot rely on speculation; instead, the Court assumes Plaintiff "will conduct [his] activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by [the County]." *Sterling v. Calvin*, 694 F. Supp. 1382, 1384 (E.D. Mo. 1988), *aff'd,* 874 F.2d 571 (8th Cir. 1989) (citing *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). The remaining points also require the Court to speculate. A "speculative chain of possibilities" cannot establish "an injury in fact based on potential future injuries." *ARRM v. Piper*, 319 F. Supp. 3d 1156, 1160 (D. Minn. 2018) (quoting *Clapper*, 568 U.S. at 414). Consequently, Plaintiff lacks standing to bring claims for injunctive relief against the County because he has failed to demonstrate that there is a substantial risk he will be subject to the alleged harm. Count III is dismissed to the extent it seeks injunctive relief against the County and Count IV is dismissed in its entirety because it only seeks injunctive relief. As discussed below, Plaintiff retains standing to bring Count III against the County for monetary damages.[3]

## B. Count III – Compensatory Damages

The County also argues that it should be dismissed from Count III because "naming Texas County as a defendant in this lawsuit is redundant and duplicative of the already pending official-

---

[3] In the County's Suggestions in Support to its Motion to Dismiss, it claimed that Count IV should be dismissed because "Counts III and IV allege identical policy and practice claims . . . and do not set forth alternate theories of recovery and therefore are duplicative." (Doc. 50, p. 2.) Plaintiff disagreed, arguing that the allegations in Counts III and IV are "wholly separate issue[s]." (Doc. 52, p. 3.) In light of the Court's ruling, the Court need not address this issue.

5

capacity claims against [Sigman]." (Doc. 50, p. 4.) Plaintiff argues that dismissing Texas County would be inappropriate because it is the "real party in interest." (Doc. 52, p. 6.) The Court agrees with Plaintiff that the County is the real party in interest but also agrees with Defendant that naming both Texas County and Sigman in Count III is duplicative.

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "The real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Graham*, 473 U.S. at 166 ("[An official-capacity suit] is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). Because a "suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (finding the district court properly dismissed a claim against a government officer in his official capacity as redundant of the claim against the City). The Court recognizes that the County seeks dismissal of itself, but because the County is the "real party in interest," the Court instead dismisses Sigman from Count III.

### III. CONCLUSION

For these reasons, Defendants' motion, (Doc. 49), is **GRANTED** in part. Defendant Sigman is dismissed from Count III. The request for injunctive relief against the County in Count III is dismissed as well. Finally, Count IV is dismissed in its entirety. In all other respects, Defendant's motion is denied.

**IT IS SO ORDERED.**

                                                      /s/ Beth Phillips  
                                                 BETH PHILLIPS, CHIEF JUDGE  
DATE: May _28_, 2019               UNITED STATES DISTRICT COURT