# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HARRY ANTHONY SCHEINA, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-03210-CV-S-BP |
| ) | |
| JAMES SIGMAN *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Now pending is the parties' joint motion for a protective order. (Doc. 78.) Due to the nature of the allegations contained in Plaintiff's Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the Missouri Open Records Act, R.S.Mo. § 610.021(13), and/or which may be confidential, privileged, sensitive and/or embarrassing pursuant to Fed. R. Civ. P. 26(c). Therefore, for good cause shown, the Court orders as follows:

1. All documents and/or tangible things produced by a party that are marked "**Confidential**" will be considered subject to this Protective Order.

2. The "**Confidential**" designation may be used only to those documents which are within the scope of § 610.021(13), medical records, personal financial information, personnel records of any/all law enforcement officer, and/or law enforcement agency internal policies and procedures referenced in R.S.Mo § 610.021(18).

3. Any testimony, whether by deposition, interrogatory or otherwise by a party or witness in this action may be considered confidential for the purposes of this Order if the testimony relates to the information contained in the document and things deemed and/or marked

"**Confidential**." In the context of a deposition, testimony may be designated as confidential by indicating on the record at the time of the deposition that such testimony is confidential and subject to this Protective Order. Within seven (7) days following the completion and delivery of the transcript of any deposition, a party may also designate testimony as confidential by identifying by page and line the information it considers to be confidential and subject to this Protective Order. The parties reserve the right to seek a Protective Order from the Court maintaining the confidentiality of the information at the time of trial.

4. Except as provided for herein, testimony and documents designated as confidential shall be disclosed only to the parties, their counsel of record, their paralegals and clerical personnel, witnesses and to persons retained by counsel or the parties as consultants or experts. Counsel may mark confidential documents as deposition exhibits and show them to witnesses in depositions for the purpose of authenticating the document, obtaining an explanation of the document or impeaching a witness who testifies contrary to the document. Counsel shall not otherwise permit disclosure of any confidential information or documents or any portion or summary thereof.

5. Documents or testimony designated as confidential and produced or provided in this litigation may be used only for the purposes of this litigation or by Court order. Except as provided herein, no person having access to documents or testimony designated as subject to this Protective Order or the information therein shall make public disclosure of those documents or testimony of that information without further Order of the Court or stipulation of all parties.

6. If any party objects to another party's designation of a document or tangible thing as "**Confidential**," and the parties cannot agree, the objecting party shall have the right to challenge the **"Confidential"** designation in accordance with Local Rule 37.1. It shall be the burden of the party making the designation of **"Confidential"** to establish the document, testimony

or tangible thing falls within the scope of what is to be designated "**Confidential**" as outlined in paragraph 2.

7. All individuals having access to documents, tangible things or testimony designated as subject to this Protective Order and all individuals to whom the information or things therein is disclosed shall be informed of this Protective Order and instructed that each is to be bound by same.

8. All documents and tangible things designated as subject to this Protective Order and all copies thereof must be returned to producing counsel within 30 days after the termination of this litigation, including any appeal, or shall be certified to counsel as having been destroyed. Counsel may retain one copy of said documents for the file in accordance with Missouri Supreme Court ethical standards for file retention.

9. Nothing in this Protective Order affects the right of counsel to discuss with a party any relevant information contained in documents, tangible things or testimony designated as subject to this Protective Order.

10 This Protective Order does not constitute a ruling on the question of whether any particular document or tangible thing is properly discoverable and does not constitute any ruling on any potential objection to the admissibility of any document or thing.

11. Prior to trial, the parties shall meet and confer concerning the extension of this Protective Order and its application to the use of confidential information, documents and tangible things at the time of trial. If necessary, the Court will review such confidential information and/or

material in camera and make a determination by separate order after briefing by the parties regarding the disputed information and/or material.

**IT IS SO ORDERED.**

DATE: September 17, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT